IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HANNAH STOKES,

        Plaintiff,

and

TANYA SUZANNE STOKES,

        Plaintiff-in-Intervention,

vs.                                         No. 1:25-cv-00550-WJ-GBW

ECHO GLOBAL LOGISTICS, INC.,

        Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO REMAND

THIS MATTER is before the Court on the Motion to Remand **[Doc. 9]** filed by Plaintiff-in-Intervention Tanya Suzanne Stokes, and Joinder in Motion to Remand **[Doc. 10]** filed by Plaintiff Hannah Stokes. Having reviewed the Motion, Joinder, Defendant's Response in Opposition to Remand **[Doc. 12]**, Plaintiff in Intervention's Reply **[Doc. 14]**, and Plaintiff's Joinder in the Reply **[Doc. 15]**, the Court finds that the Motion to Remand is not well-taken and denies the request to remand to State court.

### PROCEDURAL AND FACTUAL BACKGROUND

On February 22, 2023, Luis Angel Garcia was hauling for SB Transport, Inc., travelling westbound in the right lane of I-10 in Lordsburg, New Mexico, beside a vehicle operated by Plaintiff Hannah Stokes. **[Doc. 1-2 at 2]**. Garcia entered the left lane and collided with the vehicle occupied by Plaintiff Hannah Stokes and Plaintiff-in-Intervention Tanya Suzanne Stokes. **[Doc.**

**1-2 at 2]**.  Plaintiff Hannah Stokes lost control of the vehicle, which rolled several times, allegedly causing injury to Plaintiff Hannah Stokes and Plaintiff-Intervenor Tanya Stokes.  **[Doc. 1-2; 1-3]**.

Both Plaintiff and Plaintiff-in-Intervention settled with SB Transport, Inc., and Luis Angel Garcia.  **[Doc. 1-2 at 2; Doc. 1-3 at 2]**.  Plaintiff Hannah Stokes then filed her Complaint for Negligence and Personal Injury against Echo Global Logistics **[Doc. 1-2]** in the First Judicial District Court, County of Santa Fe, State of New Mexico, on December 3, 2024.  The Complaint asserts state law claims of negligence, negligent hiring, entrustment, training and supervision, negligence per se, and vicarious liability against Echo Global Logistics.  **[Doc. 1-2]**.  The Complaint alleges that Echo Global Logistics hired SB Transport to transport merchandise from Ft. Worth, Texas to Downey, California.  **[Doc. 1-2 at 2]**.

Eight days later, on December 11, 2024, Tanya Suzanne Stokes filed an Unopposed Motion to Intervene in the state-court action brought by Hannah Stokes.  **[Doc. 1-5 at 6]**.  The Motion to Intervene stated:

> "Movant's counsel conferred with counsel for Plaintiff on December 11, 2024 and counsel stated he is unopposed to the relief requested herein."

**[Doc. 1-5 at 10]**.  On December 13, 2024, the State court then entered its Order Granting Leave to Intervene.  **[Doc. 1-5 at 12]**.  The Order recited that the Order was being entered "[g]iven that the Motion is unopposed.  **[Doc. 1-5 at 12]**.  Tanya Stokes' Complaint was then filed on January 7, 2025. **[Doc. 1-3]**.  The allegations of the Complaint filed by Tanya Stokes are almost identical to the allegations of the Complaint filed by Hannah Stokes.  *Compare* Doc. 1-2, ¶¶ 1-24 and Doc. 1-3, ¶¶ 1-24.  One of the few differences between the two is that the Complaint filed by Hannah Stokes expressly alleges that Hannah Stokes seeks less than $75,000 **[Doc. 1-2 at 1]**, while the

2

Complaint filed by Tanya Stokes contains no allegation regarding the amount of damages sought by Tanya Stokes.

On May 30, 2025, Plaintiff-in-Intervention Tanya Stokes served responses to Echo Global Logistics' requests for admissions. **[Doc. 1-4]**. In the responses, Tanya Stokes admitted that she seeks greater than $75,000. **[Doc. 1-4 at 2]**. Echo Global Logistics then removed the case to this Court on June 11, 2025. **[Doc. 1]**. The Notice of Removal states, and it is undisputed, that Plaintiff Hannah Stokes and Plaintiff-in-Intervention Tanya Stokes are citizens of New Mexico, Echo Global Logistics is a citizen of Delaware, and complete diversity of citizenship exists. **[Doc. 1 at 1-2]**. The Notice of Removal also states that the amount in controversy exceeds $75,000 **[Doc. 1 at 1-2]** and Plaintiff Hannah Stokes and Plaintiff-Intervenor Tanya Stokes do not dispute that Tanya Stokes seeks in excess of $75,000.

On July 11, 2025, Plaintiff-in-Intervention Tanya Stokes filed a Motion to remand this case to State court. **[Doc. 9]**. Plaintiff Hannah Stokes filed a joinder in the Motion to Remand. **[Doc. 10]**. Echo Global Logistics responded in opposition to the Motion to Remand. **[Doc. 12]**. Plaintiff-Intervenor Tanya Stokes then filed a Reply **[Doc. 14]** and Plaintiff Hannah Stokes filed a joinder in the Reply **[Doc. 15]**.

<u>**ANALYSIS**</u>

Plaintiff-in-Intervention Tanya Stokes' Motion to Remand argues that this case must be remanded to State court because the Complaint-in-Intervention was not a voluntary act by Plaintiff Hannah Stokes but, instead, was involuntary, and therefore the Complaint-in-Intervention cannot serve as a basis for removal of the case originally filed by Hannah Stokes. **[Doc. 9]**. Defendant Echo Global Logistics contends that the voluntary/involuntary doctrine is inapplicable in this case,

Defendant has sufficiently established the existence of diversity jurisdiction under 28 U.S.C. § 1332, and that the case should not be remanded to State Court.  **[Doc. 12]**.

Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If a case is filed in state court, though, § 1441 permits a defendant to remove that civil action to federal court—so long as the action "could originally have been filed in federal court." *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 756 (10th Cir. 2021) (unpublished).

Because federal courts are courts of limited jurisdiction, there is a presumption against the exercise of federal jurisdiction. *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005). Much the same, "there is a presumption against removal jurisdiction." *Laughlin*, 50 F.3d at 873. Diversity jurisdiction must be "strictly construed." *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation omitted); *see also Healy v. Ratta*, 292 U.S. 263, 270 (1934) ("The policy of the [diversity] statute calls for its strict construction."). And removed cases may be remanded back to state court. If, for example, there is no basis for subject-matter jurisdiction then § 1447(c) says remand is required.

Under 28 U.S.C. § 1446(b)(3), if a case stated by the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removeable".  Section 1446(c)(3)(A) further provides that if the case stated by the initial pleading is not removable solely because the amount in controversy is less that the amount specified in Section 1332, information in responses to discovery "shall be treated as an 'other paper' under subsection (b)(3)."  Answers to interrogatories and responses to requests for

admissions are considered "other paper" under 28 U.S.C. § 1446, and such responses can properly be considered when determining removability. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035–36 (10th Cir. 1998).

An exception to removability under § 1446(b)(3) exists when the requirements of diversity jurisdiction are met only through an act of another party that is involuntary on the part of the plaintiff. An order or act that is involuntarily imposed on a plaintiff cannot defeat plaintiff's choice of forum and cannot serve as the basis for removal of the case from state to federal court. *See Powers v. Chesapeake & Ohio Ry. Co.,* 169 U.S. 92 (1898); *DeBry v. Transamerica Corp.,* 601 F.2d 480 (10th Cir. 1979). *See, also, Caribe Chem Distributors Corp. v. S Agric. Insecticides, Inc.,* 96 F. 4th 25, 29 (1st Cir. 2024) (discussing adoption of the rule in various United States Circuit courts). However, the Supreme Court has recognized that voluntary changes in the parties and claims effectively reconfigure the lawsuit and may bring the suit newly within or newly outside a federal court's jurisdiction. *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 549 (2005); *Royal Canin, Inc. v. Wulllschleger,* 604 U.S. 22, 39 (2025).

Plaintiff-in-Intervention and Plaintiff vehemently argue that the complaint-in-intervention was not a voluntary act by the original Plaintiff and therefore cannot render the suit removable. **[Doc. 9, 14]**. However, the record does not establish that any of the acts in this case were involuntary as applied to the Plaintiff. There was no court order compelling Plaintiff-in-Intervention to intervene in the case. Plaintiff-Intervenor Tanya Stokes did so voluntarily. **[Doc. 1-5 at 6]**. Importantly, although given the opportunity to object to or oppose the intervention, Plaintiff Hannah Stokes did not do so. Instead, Hannah Stokes did not oppose the intervention and voluntarily consented to the order granting leave to intervene. **[Doc. 1-5 at 6; Doc. 1-5 at 12]**. Last, the response to Defendant's request for admissions establishing the necessary amount in

controversy was not the result of any court order or other involuntary compulsion.  **[Doc. 1-4]**.

Therefore, the involuntary action doctrine is not applicable in this case and does not require remand

by this Court.[1]

The parties do not dispute that the Notice of Removal sufficiently establishes that, at the

time of removal, complete diversity of citizenship existed between the parties aligned as plaintiffs

and the party defendant. *Dart Cherokee Basin Operating Co. LLC v. Owens,* 574 U.S. 81, 87-88

(2014). Nor do the parties dispute that, when considered as a whole, the amount in controversy in

this case exceeds the sum of $75,000.  Therefore, this Court has jurisdiction based on diversity of

citizenship under 28 U.S.C. § 1332 and the Motion to Remand should be denied.

**IT IS ORDERED** the Motion to Remand **[Doc. 9]** filed by Plaintiff-in-Intervention Tanya

Suzanne Stokes, joined in by Plaintiff Hannah Stokes **[Doc. 10]**, is **DENIED**.

/s/ _____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] The Court acknowledges that Plaintiff-in-Intervention cites several district court level decisions from other jurisdictions that a complaint-in-intervention cannot be used as a basis for removal of a previously unremovable case. **[Doc. 9 at 2-3]**. However, the cases cited appear to involve issues of federal question jurisdiction under 28 U.S.C. § 1331, and not diversity jurisdiction under § 1332.